**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION**

| | | |
|---|---|---|
| JOHN DOE AND JOHN DOE II, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 25-04087-CV-C-BP |
| | ) | |
| CERNER CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFFS LEAVE TO PROCEED ANONYMOUSLY**

Plaintiffs have filed several federal and state claims based on their allegation that Defendant, which designs computer and information systems for healthcare providers, disclosed their health information to third parties. However, Plaintiffs have not identified themselves and are proceeding anonymously, despite not obtaining permission to do so.

On July 7, 2025, the Court issued an Order directing Plaintiffs to show cause why they should be allowed to proceed anonymously. Plaintiffs explain that the Complaint "identif[ies] health information Cerner had access to and . . . disclosed" and that discovery will reveal "more extensive" medical information that was disclosed. They argue that requiring them to identify themselves risks further deprivation of privacy, whereas allowing them to proceed anonymously is consistent with the public interest. The Court disagrees.

Plaintiffs must overcome a strong presumption against allowing them to proceed anonymously.

> Federal courts disfavor the use of fictitious names in legal proceedings. The use of fictitious names runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto. Proceedings are only truly public when the public knows the identities of the litigants. In addition, there is nothing in the Federal Rules of Civil Procedure that allows plaintiffs to

> proceed under pseudonyms. Rather, the Federal Rules explicitly provide otherwise.

*Cajune v. Independent Sch. Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024) (quotations omitted). "[A] party may proceed under a fictitious name only in those *limited* circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Id.* at 1077 (emphasis supplied).

The Court discerns little need for extensive medical information to be disclosed in this case. While this is a lawsuit about Defendants' alleged disclosure of Plaintiffs' medical information, details about that information are not critical to the legal claims. Moreover, many lawsuits raise questions about a party's medical condition and often require far more details than this case will. For instance, litigants frequently seek compensation for physical, psychological, or emotional injuries, and many of them would likely prefer to keep those details secret from the public. However, these concerns do not justify allowing them to proceed anonymously; concluding otherwise would make anonymity the norm, not the rare exception. The preferred course, when necessary, is to redact sensitive medical information or place it under seal (with prior approval of the Court)—not to allow parties to proceed anonymously.

Plaintiffs point to an Order issued in *In re Meta Pixel Healthcare Litigation*, 2025 WL 807954 (N.D. Cal. Mar. 12, 2025), but the Court is not persuaded by it.[1] Like this one, that case involved claims the defendant disclosed medical information about a large number of people to third parties. In denying the defendant's request to require the plaintiffs to identify themselves in their pleadings, the District Court expressed concern that a Protective Order and redaction would

[1] Plaintiffs also cite *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 11505231 (N.D. Cal. Apr. 8, 2016), but that Order involves a discovery request and does not address a party's request to proceed anonymously.

not protect the plaintiffs' medical information "once the merits of plaintiffs' claims are tested." *Id*. at *2.

The Court is not persuaded that detailed medical information needs to be discussed openly to resolve this case, and the Court discerns no need to ascribe any health information to its owner. To the extent specific medical information becomes relevant, it can be redacted or sealed (with prior approval from the Court); it can also be discussed generally without attributing any information to any specific person.[2]

Accordingly, Plaintiffs are not granted leave to proceed anonymously. They must identify themselves when filing their Amended Complaint. (*See* Doc. 9 (setting deadline for Plaintiff's filing of an Amended Complaint).)[3]

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Date: July 23, 2025

[2] It is noteworthy that other courts have denied permission to proceed anonymously in similar suits involving disclosure of health information through data breaches and other electronic disclosures. As one such court explained, "to the extent sensitive medical information becomes relevant, the Court can address such information via a proper motion . . . or a protective order." *A.S. v. Anthem Ins. Cos.*, 2023 WL 3868640, at *1-2 (S.D. Ind. June 7, 2023); *see also*, *e.g.*, *Doe v. Call-On-DOC, Inc.*, 2025 WL 1677632, at *18-19 (S.D. Cal. June 13, 2025); *Doe v. University of Kansas Hosp. Auth.*, 2025 WL 1634958 (D. Kan. June 9, 2025); *Doe v. Endue, Inc.*, 2025 WL 1592140, at *1-2 (D. Me. June 5, 2025).

[3] The Court also notes Plaintiffs wish to represent a nationwide class. The Court does not believe it is in the public interest for anonymous plaintiffs to represent the legal interests of a class. *See*, *e.g.*, *Doe v. Curium US LLC*, 2025 WL 1827276, at *2 (E.D. Mo. July 2, 2025); *Doe 3 v. Indyke*, 2024 WL 4299757, at *4 (S.D.N.Y. Sep. 26, 2024); *Sherman v. Trinity Teen Solutions, Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021); *In re Ashley Madison Customer Data Sec. Breach Litig.*, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016).